IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| STUDENT A, STUDENT B, STUDENT C, and STUDENT D, individually and on behalf of all others similarly, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 6:20-cv-00023-NKM ) |
| LIBERTY UNIVERSITY, INC., d/b/a/ LIBERTY UNIVERSITY, | ) ) ) |
| Defendant. | ) |

**DEFENDANT LIBERTY UNIVERSITY, INC., d/b/a LIBERTY UNIVERSITY'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT**

Defendant Liberty University, Inc., d/b/a Liberty University ("Liberty" or the "University"), by counsel, and pursuant to Rules 10(a), 12(f), and 12(e) of the Federal Rules of Civil Procedure, states as follows in support of its Motion to Strike all allegations from the First Amended Complaint (ECF No. 17 (the "Amended Complaint")) or, in the alternative, Motion for a More Definite Statement from Plaintiffs Student A, Student B, Student C, and Student D, individually and on behalf of all others similarly situated (collectively, "Plaintiffs").

## I.   INTRODUCTION

Without permission from the Court, the "named" Plaintiffs—Students A, B, C, and D—elected to proceed anonymously in this lawsuit out of feigned "fear of retaliation and harassment" from Liberty and its supporters. Plaintiffs claim that the University somehow breached unspecified contract(s) when Liberty transitioned to online courses and restricted campus activities pursuant to Governor Ralph Northam's Executive Orders to prevent the spread of the coronavirus disease ("COVID-19"). Although Liberty permitted students to continue

living on campus while taking courses online, Plaintiffs seek vague relief for the supposedly unused portion of their unspecified Spring 2020 semester fees.

Plaintiffs fail to identify the contract(s) they claim were breached, the term of such contract(s), and what fees they believe they are entitled to recover. Rather, the anonymous students seek to recoup an unknown amount of fees for unspecified services and activities. Because the Amended Complaint does not provide adequate grounds for Plaintiffs to proceed anonymously and precludes Liberty from preparing a meaningful response, Liberty respectfully requests that the Court grant its Motion to Strike or, in the alternative, Motion for a More Definite Statement.

## II. FACTUAL BACKGROUND[1]

In response to COVID-19, Liberty transitioned most residential classes to an online format on March 23, 2020. Am. Compl. ¶¶ 2, 6-7. Contrary to Plaintiffs' assertion that Liberty "effectively . . . shut down" its campus for the remainder of the Spring 2020 semester, the University remained operational while complying with Executive Orders 53 and 55.[2] *See id.* ¶ 7 n.3, ¶¶ 8, 42-43. Student A lives off campus and claims to have no reason to return to campus because Liberty transitioned to online courses. *Id.* ¶ 18. Students B, C, and D allegedly paid for on-campus housing, but likewise claim that they have no need to return to campus. *Id.* ¶¶ 18-21. Although Plaintiffs continued to take courses online, had the option to live on campus, had access to take-out meals from the campus dining halls, and reaped other benefits from remaining

---

[1]   The allegations in the Amended Complaint are set forth more fully in Liberty's Rule 12(b)(6) Motion to Dismiss.

[2]   Pursuant to Federal Rule of Evidence 201, Liberty requests that the Court take judicial notice of the Executive Orders 51, 53, and 55 because they constitute adjudicative facts "that [are] not subject to reasonable dispute." Fed. R. Evid. 201. The Executive Orders are both "generally known within the [this Court's] territorial jurisdiction" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.*

enrolled at Liberty, Plaintiffs seek a pro-rated refund of all allegedly "unused" fees for the remainder of the Spring 2020 semester. *Id.* ¶¶ 17, 30, 34.

The Amended Complaint identifies "approximate" fees that undergraduate and graduate students paid for the entire 2019-2020 academic year, including the cost of dining plans, housing, auto registration, parking decals, student health, coursework, and activity fees associated with Liberty's Student Center, the Rawlings School of Divinity, the School of Law, and the College of Osteopathic Medicine. *Id.* ¶¶ 31-32. Plaintiffs point to these fees as "example(s)" of the types of fees they seek to recover, but the Amended Complaint fails to identify which specific fees Students A, B, C, and D actually paid. *Id.* ¶¶ 18-21, 33. Nor does the Amended Complaint identify the terms of the Plaintiffs' contract(s) with Liberty. Rather, Plaintiffs vaguely allege that that "they entered into contracts with Liberty, which provided that Plaintiffs and other Class members would pay fees for or on behalf of students, and in exchange, Liberty would provide services and make available activities to students." *Id.* ¶ 71.

### III.  LEGAL STANDARD

Rule 10(a) of the Federal Rules of Civil Procedure provides that "[t]he title of the complaint *must* name all the parties." Fed. R. Civ. P. 10(a) (emphasis added). If a plaintiff fails to comply with rule 10(a), plaintiff's nonconforming allegations may be stricken. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261-63 (9th Cir. 1992) (affirming order striking the amended complaint of a pro se litigant for failure to comply with Rule 10(a)).

Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "A Rule 12(f) motion falls within the discretion of the district court," and the Court may grant the motion if "the challenged allegations have no possible relation or logical connection to the subject matter

3

of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." *Bailey v. Fairfax Cty., Virginia*, 2010 WL 5300874, at *4 (E.D. Va. Dec. 21, 2010) (citations omitted).

Rule 12(e) of the Federal Rules of Civil Procedure provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). This provision "must be read in conjunction with [Rule] 8" which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Hodgson v. Virginia Baptist Hosp., Inc.*, 482 F.2d 821, 823 (4th Cir. 1973). Motions for a more definite statement "strike at unintelligibility rather than simple want of detail," and the Court should grant a 12(e) motion "when the complaint is so vague and ambiguous that the defendant cannot frame a responsive pleading." *McBarron Hall v. Am. Mech. Servs. of Maryland, LLC*, 2017 WL 372422, at *2 (E.D. Va. Jan. 26, 2017) (citations and quotations omitted).

### IV. ARGUMENT

**1. The Court Should Strike All Allegations from the Amended Complaint.**

Rather than seek leave from the Court to proceed anonymously, Plaintiffs have twice filed a complaint that violates Rule 10(a). In their Amended Complaint, Plaintiffs claim to proceed anonymously out of fear of retaliation and harassment by Liberty and its supporters "that could come in the form of negative treatment in the classroom or possibly even expulsion." Am. Compl. ¶ 22. To support their feigned fear of harassment and retaliation, Plaintiffs cite only to criticism and "chid[ing]" of individuals that have criticized Liberty's response to the COVID-19 pandemic by Liberty officials and supporters and the fact that Liberty sought and obtained arrest warrants for members of the media that trespassed on Liberty's campus. *See id.*

These allegations cannot rebut the presumption of openness that judicial proceedings enjoy and do not supply the extraordinary circumstances required for the Court to permit Plaintiffs to proceed anonymously. Because Plaintiffs have repeatedly failed to comply with Rule 10(a) and failed to seek leave from the Court to proceed anonymously, the Court should strike *all* allegations from the Amended Complaint. *See Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 163 n.1 (S.D.N.Y. 2019) (striking allegations relating to an anonymous plaintiff where she failed to show why she is entitled to proceed anonymously under the applicable standard).

The decision to proceed anonymously falls within the discretion of the trial court. *Doe v. Pittsylvania Cty., Va.*, 844 F. Supp. 2d 724, 727 (W.D. Va. 2012) (citing *James v. Jacobson*, 6 F.3d 233, 242 (4th Cir.1993)). The Court has an "independent obligation to ensure that extraordinary circumstances support [a plaintiff's request to proceed anonymously]." *Doe v. Pub. Citizen*, 749 F.3d 246, 274 (4th Cir. 2014). "The ultimate test for deciding if a plaintiff should proceed anonymously is whether [the] plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Pittsylvania Cty.*, 844 F. Supp. 2d at 727 (citation and quotations omitted). Courts rely on the following factors to guide the analysis:

> (1) "whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;"
>
> (2) "whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;"
>
> (3) "the ages of the persons whose privacy interests are sought to be protected;"
>
> (4) "whether the action is against a governmental or private party;" and

(5) "the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously."

*Id.* at 728-29 (noting that the list is not exhaustive, and courts must consider all circumstances).

The balance of these factors in this case weighs against anonymity for the following reasons:

(1) <u>Privacy Interests:</u> The allegations regarding social media backlash demonstrate that Plaintiffs merely seek to avoid annoyance and criticism. Am. Compl. ¶ 22; *see id.* ¶ 4. This does not constitute the type of "sensitive and highly personal" matter (such as personal health information or sexual history) that typically supports a request to proceed anonymously.

(2) <u>Risk of Retaliatory Harm:</u> Plaintiffs' allegations regarding arrest warrants sent to the media and a single "chid[ing]" of a student lack the context and factual support necessary to suggest that revealing Plaintiffs' identities will pose any real threat to Students A, B, C, and D, or to any other innocent non-parties. *Id.* ¶ 22. Thus, Plaintiffs have not established a risk of harm.

(3) <u>Age:</u> Plaintiffs are presumably college-aged students—not minors. *See id.* ¶¶ 18-21. Thus, Plaintiffs do not possess the type of "special vulnerability" that can weigh in favor of allowing child-plaintiffs to proceed anonymously. *Pittsylvania Cty.*, 844 F. Supp. 2d at 729.

(4) <u>Private vs. Government Actors:</u> Liberty is a private university, which weighs against anonymity. *See Doe v. Merten*, 219 F.R.D. 387, 394 (E.D. Va. 2004) ("courts in general are less likely to grant a plaintiff permission to proceed anonymously when the plaintiff sues a private individual").

(5) <u>Risk of Harm to Opposing Party:</u> Finally, allowing Plaintiffs to proceed anonymously poses a high risk of unfairness to Liberty because it precludes Liberty from discerning the actual terms and amounts allegedly paid under the parties' contract(s) and prevents Liberty from framing a response to the Amended Complaint.

The allegations in the Amended Complaint do not establish a substantial privacy right that outweighs the presumption of openness in judicial proceedings and fall woefully short of demonstrating the type of extraordinary circumstances that call for anonymity. Because Plaintiffs have failed to comply with Rule 10(a), failed to seek leave from the Court to proceed anonymously, and cannot show that they are entitled to proceed anonymously, the Court should strike all allegations from the Amended Complaint and require Plaintiffs to reveal their identities.

At a minimum, the Court should strike Paragraph 22 from the Amended Complaint as an immaterial or impertinent matter under Rule 12(f). Courts deem information "immaterial" under Rule 12(f) if it has "no essential or important relationship to the claim for relief or the defenses being pleaded[.]" *Thornhill v. Aylor*, 2016 WL 258645, at *2 (W.D. Va. Jan. 20, 2016) (citations omitted). "An 'impertinent' matter does not 'pertain, and [is] not necessary, to the issues in question.'" *Id.* (citations omitted). Plaintiffs' inability to rebut the presumption of openness renders Paragraph 22 immaterial and impertinent to the remaining issues in the Amended Complaint.

**2. In the Alternative, the Court Should Require Plaintiffs to Make a More Definite Statement.**

Plaintiffs brought suit against Liberty for breach of contract, unjust enrichment, conversion, and violation of the Virginia Consumer Protection Act, Va. Code § 59.1-196, *et seq*. At the heart of each claim, Plaintiffs allege that they paid an unspecified amount of fees to Liberty and did not receive certain services and activities in return. *See generally* Am. Compl. In order for Liberty to frame a response, Plaintiffs must (1) reveal their identities; (2) specify which fees they paid for the Spring 2020 semester; and (3) identify the terms of the contract(s) that they claim Liberty breached.

No two students are alike. Each student takes different courses, participates in different activities, and has different scholarships, grants, and payment methods that affect the amounts allegedly owed under the contract(s). For example, if Student A is an osteopathic medical student on a full-ride scholarship, her financial arrangement with Liberty will differ materially from that of Student B, if Student B is an undergraduate student who participates in a work-study program. Without this basic information, Liberty cannot meaningfully respond to the Amended Complaint. *The Collection, LLC v. Valley Bank*, 2009 WL 2357145, at *5 (W.D. Va. July 31, 2009)

("Clearly, the court and the litigants are entitled to know, at the pleading stage, who is being sued, why, and for what."); *see also Doe I v. City of Alabaster*, 2012 WL 13088882, at *6 (N.D. Ala. Apr. 26, 2012) (holding, where plaintiffs' motion to proceed anonymously was denied, plaintiffs were required, pursuant to Rule 12(e), to replead to provide their names and to state particular facts supporting each plaintiff's claim).

Accordingly, the Court should require Plaintiffs to provide a more definite statement with respect to Plaintiffs' identities, the fees paid, and the terms of the parties' contract(s).

## V. CONCLUSION

For these reasons, Liberty respectfully requests that the Court grant its Motion to Strike or, in the alternative, Motion for a More Definite Statement, and award Liberty its costs and such further relief that the Court deems proper.

Respectfully submitted,

**LIBERTY UNIVERSITY, INC.,
d/b/a LIBERTY UNIVERSITY**

By:  /s/Turner A. Broughton
Turner A. Broughton, Esquire (VSB #42627)
Harold E. Johnson, Esquire (VSB #65591)
Amanda H. Bird, Esquire (VSB #92110)
Williams Mullen
200 South 10th Street, Suite 1600
Richmond, VA  23218
Telephone: (804) 420-6000
Facsimile: (804) 420-6507
tbroughton@williamsmullen.com
hjohnson@williamsmullen.com

Benjamin G. Chew, Esquire (VSB # 29113)
Michael Bowe (*pro hac vice* pending)
Michael Winograd (*pro hac vice* pending)
Jessica N. Meyers (*pro hac vice* pending)
Brown Rudnick LLP
7 Times Square

New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
bchew@brownrudnick.com
mbowe@brownrudnick.com
mwinograd@brownrudnick.com
jmeyers@brownrudnick.com
*Counsel for Defendant Liberty University, Inc.*

## CERTIFICATE OF SERVICE

I certify that on June 15, 2020, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>E. Kyle McNew
>J. Gregory Webb
>Lisa S. Brook
>**MICHIEHAMLETT**
>310 4th Street, NE
>Charlottesville, Virginia 22902
>Tel.: 434-951-7231
>kmcnew@michiehamlett.com
>gwebb@michiehamlett.com
>lbrook@michiehamlett.com
>
>Adam J. Levitt Amy E.
>Keller Laura E. Reasons
>DICELLO LEVITT GUTZLER LLC
>Ten North Dearborn Street, Sixth Floor
>Chicago, Illinois 60602
>Tel.: 312-214-7900
>alevitt@dicellolevitt.com
>akeller@dicellolevitt.com
>lreasons@dicellolevitt.com
>
>Matthew S. Miller
>MATTHEW S. MILLER LLC
>77 West Wacker Drive, Suite 4500
>Chicago, Illinois 60601
>Tel.: 312-741-1085
>mmiller@msmillerlaw.com

>By: /s/Turner A. Broughton
>Turner A. Broughton, Esquire (VSB #42627)
>Harold E. Johnson, Esquire (VSB #65591)
>Amanda H. Bird, Esquire (VSB #92110)
>Williams Mullen
>200 South 10th Street, Suite 1600
>Richmond, VA  23218
>Telephone: (804) 420-6000
>Facsimile: (804) 420-6507
>tbroughton@williamsmullen.com
>hjohnson@williamsmullen.com
>abird@williamsmullen.com