# EXHIBIT 1

# IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| MORGAN MCDERMOTT | Case No. 2020-00286JD |
| Plaintiff | Judge Patrick M. McGrath |
| v. | <u>ENTRY</u> |
| THE OHIO STATE UNIVERSITY | |
| Defendant | |

Before the court is defendant's combined partial motion to dismiss and motion for a definite statement, which has been fully briefed. For the reasons set forth below, defendant's combined motion will be denied.

## Background

Plaintiff, a fourth-year dental student at The Ohio State University (OSU or defendant), brings a complaint on behalf of herself, a proposed class, and a proposed subclass. The proposed class consists of "all students enrolled in a graduate or undergraduate program at Ohio State University's Columbus, Ohio campus for the Spring 2020 semester." (Complaint at ¶ 19.) The claims brought on behalf of plaintiff and the proposed class seek to recover a prorated amount of the student union fee, which plaintiff asserts was collected from each student specifically in exchange for use of the now-closed student union building.

The proposed subclass consists of "all students enrolled in the Ohio State College of Dentistry's DDS program during the Spring and/or Summer 2020 semester." (Complaint at ¶ 20.) The claims brought on behalf of plaintiff and the proposed subclass seek to recover a prorated amount of the clinical support fee, which plaintiff similarly asserts was collected from each DDS candidate in order to provide for them live clinical programs that are required for their degrees and licenses.

JOURNALIZED

```
                                        FILED
                                   COURT OF CLAIMS
                                       OF OHIO

                                   2020 AUG 24 PM 3: 35
```

Case No. 2020-00286JD                -2-                           ENTRY

In her complaint, plaintiff brings a total of four claims. Her first two claims are breach of contract, one on behalf of plaintiff and the class and one on behalf of plaintiff and the subclass. The other two claims allege unjust enrichment, again on behalf of plaintiff and the class and on behalf of plaintiff and the subclass.

In its combined motion, defendant argues that plaintiff's unjust enrichment claim concerning the clinical support fee should be dismissed to the extent that it is a claim for educational malpractice. Defendant alternatively argues that both unjust enrichment claims should be dismissed because unjust enrichment cannot be pleaded alternatively to breach of contract in this circumstance. Regarding plaintiff's breach of contract claims, defendant moves for a more definite statement pursuant to Civ.R. 12(E). Defendant argues that plaintiff's breach of contract claims are vague or ambiguous because plaintiff did not attach the contract or contracts upon which the claims are based, as required by Civ.R. 10(D)(1).

**Law and Analysis**

A motion to dismiss filed pursuant to Civ.R. 12(B)(6) tests the sufficiency of the claims asserted in a complaint. *Gordon v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 17AP-792, 2018-Ohio-2272, ¶ 13. In construing a complaint upon a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim, the court "must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party." *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). In order for a court to dismiss a complaint, it must appear beyond a doubt that the plaintiff can prove no set of facts entitling her to recovery. *York v. Ohio State Highway Patrol*, 60 Ohio St.3d 143, 144, 573 N.E.2d 1063 (1991). "In resolving a Civ.R. 12(B)(6) motion to dismiss, the trial court may consider only the statements and facts contained in the pleadings, and may not consider or rely on evidence outside the complaint." *Powell v. Vorys*, 131 Ohio App.3d 681, 684, 723 N.E.2d 596 (10th Dist.1998).

JOURNALIZED

FILED
COURT OF CLAIMS
OF OHIO

2020 AUG 24 PM 3: 35

Case No. 2020-00286JD -3- ENTRY

Civ.R. 12(E) governs a motion for a definite statement. "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a definite statement before interposing his responsive pleading." Civ.R. 12(E). Such a motion "shall point out the defects complained of and the details desired." *Id.* Under Ohio law, Civ.R. 12(E) "is designed to strike at unintelligibility, rather than want of detail. Hence, a motion for a definite statement should not be granted to require evidentiary detail that may be the subject of discovery." *Columbia Gas v. Robinson*, 81 Ohio Misc.2d 15, 16, 673 N.E.2d 701 (M.C.1996), citing *Woods v. Reno Commodities, Inc.*, 600 F. Supp. 574 (D.Nev. 1984).

**Plaintiff's unjust enrichment claim is not an educational malpractice claim**

According to defendant, plaintiff's unjust enrichment claim concerning the clinical support fee asserts doubt as to whether she or other dental students will be able to graduate on time. Defendant argues that the claim is thus an educational malpractice claim in disguise, which is not a recognized claim in Ohio. Consequently, defendant argues, plaintiff's claim for unjust enrichment concerning the dental clinical support fee should be dismissed.

However, when a trial court determines whether an action sets forth a claim upon which relief can be granted, a trial court should look to the body of the complaint. *Guillory v. Ohio Dept. of Rehab. & Correction*, 10th Dist. Franklin Nos. 07AP-861, 07AP-928, 2008-Ohio-2299, ¶ 11. A trial court's role generally does not include recasting a party's pleadings. *See Greenlaw v. United States*, 554 U.S. 237, 243, 128 S.Ct. 2559, 171 L.Ed.2d 399 (2008) (stating that in "our adversary system, in both civil and criminal cases, in the first instance and on appeal, we follow the principle of party presentation. That is, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present").

JOURNALIZED

FILED
COURT OF CLAIMS
OF OHIO

2020 AUG 24 PM 3: 35

Case No. 2020-00286JD  -4-  ENTRY

Plaintiff's complaint does not merely assert that the education she received was substandard due to the clinic being closed. Rather, plaintiff alleges that defendant charged a fee specifically to support the dental clinic and then closed the clinic. That is sufficient to assert an unjust enrichment claim. *See generally Natl./RS, Inc. v. Huff*, 10th Dist. Franklin No. 10AP-306, 2010-Ohio-6530, ¶ 28 (a plaintiff "must establish the following three elements to prove unjust enrichment: (1) a benefit conferred by the plaintiff upon the defendant, (2) knowledge by the defendant of the benefit, and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment"). The mere mention of possible consequences to plaintiff's educational or professional future does not render plaintiff's well-pleaded unjust enrichment claim a claim for educational malpractice.

**Plaintiff can plead unjust enrichment in the alternative**

Defendant alternatively argues that both of plaintiff's unjust enrichment claims should be dismissed because unjust enrichment can be pleaded in the alternative to breach of contract claims only if plaintiff alleges fraud or bad faith or if the parties dispute the existence of the contract governing their relationship. Plaintiff does not allege fraud or bad faith. And defendant argues that the parties agree that a contract exists between them. The relationship between a university and a student enrolled therein is contractual in nature. *Savoy v. Univ. of Akron*, 2014-Ohio-3043, 15 N.E.3d 430, ¶ 24 (10th Dist.).

Defendant refers to case law, including *Savoy*, to argue that the university catalog, handbook, and other guidelines supplied to the student constitute the terms of a contract between the university and the student. However, plaintiff argues that the university catalog and handbook are not relevant to the dispute and do not cover the closing of the student union building and dental clinic. Rather, plaintiff asserts, implied contracts were created when the class paid the student union fee for the purposes of using the student union building and the subclass paid the clinical support fee for the

JOURNALIZED

FILED
COURT OF CLAIMS
OF OHIO

2020 AUG 24 PM 3: 35

Case No. 2020-00286JD -5- ENTRY

purposes of participating in the dental clinic. In reply, defendant disputes the existence of any implied contracts other than those based on the university catalogs, handbooks, and other guidelines.

The parties thus not only disagree as to which contract governs the case, but they also disagree as to the existence of one or more of the alleged contracts. In construing the complaint under the Civ.R. 12(B)(6) standard, the court "must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party." *Mitchell*, 40 Ohio St.3d at 192, 532 N.E.2d 753. Because the existence of the underlying contract is disputed, it would be premature for the court to dismiss plaintiff's unjust enrichment claim. Furthermore, it would also be premature for the court to dismiss an unjust enrichment claim pleaded in the alternative at this stage of the litigation. *See Cristino v. Admr., Ohio Bur. of Worker's Comp.*, 2012-Ohio-4420, 977 N.E.2d 742, ¶ 26 (10th Dist.) ("The mere presence of both [breach of contract and unjust enrichment] claims in a complaint does not warrant the dismissal of the unjust-enrichment claim on a Civ.R. 12(B)(6) motion."). Defendant's motion to dismiss will thus be DENIED.

### Defendant's motion for a definite statement is not well taken

In support of its motion for a definite statement, defendant argues that plaintiff's breach of contract claims are vague or ambiguous because plaintiff did not attach the contract or contracts upon which the claims are based, as required by Civ.R. 10(D)(1). However, plaintiff asserts that she cannot provide a more definite statement because the contracts upon which her complaint rests are implied-in-fact. It is axiomatic that there is no written instrument for an implied-in-fact contract.

Furthermore, if the allegations in plaintiff's complaint are covered by one or more express, written contracts, either the contracts are in defendant's possession—such as the university catalog or handbook—or they may be obtained from plaintiff through discovery. The complaint itself is not unintelligible, and thus it is not susceptible to a

JOURNALIZED

```
                                    FILED
                              COURT OF CLAIMS
                                  OF OHIO

                              2020 AUG 24  PM 3: 35
```

Case No. 2020-00286JD            -6-                              ENTRY

Civ.R. 12(E) motion. *See Columbia Gas*, 81 Ohio Misc.2d at 16, 673 N.E.2d 701 (M.C.1996) (Civ.R. 12(E) is designed to strike at unintelligibility and a Civ.R. 12(E) motion should not be granted to require evidentiary detail that may be the subject of discovery). Therefore, defendant's motion for a definite statement will be DENIED.

**Conclusion**

For the reasons set forth above, the court DENIES defendant's combined partial motion to dismiss and motion for a definite statement. Defendant shall file a responsive pleading within *14 days* of the date of this entry.

_____
PATRICK M. MCGRATH
Judge

cc:

Drew Legando                          Randall W Knutti
Tom Merriman                          Peter E DeMarco
Edward S Jerse                        Jeanna V Jacobus
1360 West 9th Street Suite 200        Assistant Attorneys General
Cleveland OH  44113                   150 East Gay Street 18th Floor
                                      Columbus OH  43215-3130

012

JOURNALIZED